# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

**Celine Suchanek,**

    Plaintiff,

v.

**Michael J. Astrue,**

    Defendant.

Civil No. 07-4656 (JMR/JJG)

**REPORT AND RECOMMENDATION**

JEANNE J. GRAHAM, United States Magistrate Judge

This matter comes before the undersigned on a motion, by defendant Michael Astrue, to reopen this litigation and enter judgment (Doc. No. 19). Paul E.W. Mundt, Esq., represents plaintiff Celine Suchanek. Lonnie F. Bryan, Assistant U.S. Attorney, is representing Mr. Astrue, who appears as Commissioner of the Social Security Administration. The motion is referred to this Court for a report and recommendation consistent with 28 U.S.C. § 636(b) and Local Rule 72.1.

As discussed previously in this litigation, Ms. Suchanek filed for disability benefits from the Social Security Administration (SSA). During the administrative proceedings, Ms. Suchanek sought a hearing before an Administrative Law Judge (ALJ), who denied benefits in a decision on May 7, 2007.

Ms. Suchanek then brought this action for judicial review. The parties brought counter motions for summary judgment, where they contested whether the ALJ's decision was supported by substantial evidence. In a report on November 5, 2008, this Court concluded that the decision was not entirely supported by substantial evidence, recommending that the matter be remanded

back to the SSA for further proceedings. The District Judge adopted this recommendation by an order on December 4, 2008. Neither the November 5 report nor the December 4 order declared whether there should be a final judgment, although the Clerk's office did terminate this litigation.

On remand to the SSA, another hearing took place before an ALJ, who this time awarded benefits by a decision on April 6, 2009. As Ms. Suchanek has now prevailed in her effort to obtain benefits, the Commissioner brings his current motion to reopen this litigation and enter judgment.

This motion arises from the procedures governing remand to the SSA, which are supplied by 42 U.S.C. § 405(g). The statute provides two forms of remand, colloquially called "sentence four" or "sentence six," which respectively state in relevant part,

> The court shall have power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner . . . with or without remanding the cause for a rehearing.
>
> The court may, on motion of the Commissioner . . . for good cause shown before the Commissioner files [an] answer, remand the case to [the SSA].

Where a reviewing court examines the decision of an ALJ on its merits, and remands to the SSA for further proceedings, it is a sentence four remand that terminates the jurisdiction of the court. But where the Commissioner moves for remand before a reviewing court considers the decision by the ALJ, it is a sentence six remand, which preserves the court's jurisdiction and contemplates subsequent proceedings before the reviewing court. *See, e.g., Travis v. Astrue*, 477 F.3d 1037, 1039 (8th Cir. 2007).

Through his current motion, the Commissioner contends that the December 4 order was a sentence six remand. The Commissioner thus suggests that this Court kept jurisdiction and must take further action to bring this litigation to a close.

The record shows, however, that the Commissioner never moved for remand and that the ALJ's decision was considered on its merits. As a result, the December 4 order is appropriately deemed a sentence four remand. But the Commissioner's misapprehension is understandable, as neither the November 5 report nor the December 4 order expressly reversed the ALJ's decision or called for entry of judgment.

This distinction, however, is strictly a technical one. Ms. Suchanek prevailed on remand, so there is no further cause for relief in this forum. The parties also agree that entry of judgment is appropriate at this point. In the interests of sound housekeeping, this Court thinks it prudent that this matter be dismissed and a final judgment formally entered.

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. The Commissioner's motion to reopen this litigation and enter judgment (Doc. No. 10) be **GRANTED.**

2. This litigation be **DISMISSED WITH PREJUDICE** and judgment entered.

Dated this 29th day of July, 2009.

    s/ *Jeanne J. Graham*
    JEANNE J. GRAHAM
    United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by **August 12, 2009**. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. The district court judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall forfeit review in the United States Court of Appeals for the Eighth Circuit.